## FEDERAL TRUST CO. v. COYLE.

No. 2035.    Opinion Filed September 17, 1912.

(126 Pac. 800.)

1.  **PRINCIPAL AND AGENT—Existence of Agency—Sufficiency of Evidence.** At a meeting of the citizens of Guthrie a proposition was made on behalf of a railroad company that it would build its road to Guthrie for a certain bonus. A motion was put and carried that the proposition be accepted, that a committee be appointed to obtain subscriptions to the bonus, and that the matter of handling the contract be turned over to the Guthrie Club. The bonus was subscribed in the form of notes, which were delivered to the Guthrie Club by the makers. A contract was then made between the Guthrie Club and the railroad company showing the acceptance of the proposition, the making of the bonus notes, and providing that the road should be built within eighteen months. The notes were then delivered by the Guthrie Club to the railroad company. Held, that there was sufficient evidence to support a finding that the Guthrie Club was the agent for the makers of the notes in making the contract and delivering the notes to the company.

2.  **SAME—Liabilities to Third Person—Authority of Agent.** The Guthrie Club, more than a year after the contract referred to in the first paragraph of this syllabus was made, and long after the bonus notes were delivered, and without any action of the note makers subsequent to the meeting referred to in said paragraph, entered into another contract with the company extending the time within which they were required to build the road. Held, that the Guthrie Club was without authority to enter into the new contract, and that it was not binding on the makers of the bonus notes.

3.  **SAME—Undisclosed Principal—Evidence.** The making of the contract by the club was authorized at a meeting of the citizens of Guthrie after notice given. The evidence was conflicting as to whether the general manager of the road was present at the meeting. It was conceded that the chief engineer of the road was in the city at the time. The Guthrie Club had the bonus notes at the time the contract was made, and delivered them after the contract was made. Held, that the railroad company had notice that the club was acting as the agent of the note makers.

4.  **BILLS AND NOTES—Validity—Legality of Consideration—Effect of Partial Invalidity.** The contract between the Guthrie Club and the railroad company provided that the Guthrie Club would cause the mayor and council of the city to enact such ordinances as were necessary for the construction and operation of the road. The evidence does not show that any ordinances were necessary, or that the club refused to obtain the passage of ordinances required.

Held, that this provision was unenforceable, but that, notwithstanding it was not enforceable, the execution and delivery of the notes was a sufficient consideration to require the railroad company to comply with the terms of the contract.

5. **CONTRACTS—Construction—Time as Essence of Contract.** The bonus notes, which were nonnegotiable, were payable when the road was built and in operation to the city of Guthrie. The contract entered into by the Guthrie Club, on behalf of the note makers before the notes were delivered, provided that the road should be in operation to Guthrie within eighteen months. Held, that time was of the essence of the contract, and that, the company having failed to complete the road within the stipulated time, the notes were not collectible.

(Syllabus by Rosser, C.)

*Error from Superior Court, Logan County;*
*J. M. Sandlin, Judge.*

Action by the Federal Trust Company against W. H. Coyle. Judgment for defendant, and plaintiff brings error. Affirmed.

*A. C. Dustin* and *Dale, Bierer & Hegler,* for plaintiff in error.

*Devereux & Hildreth* and *C. G. Hornor,* for defendant in error.

Opinion by ROSSER, C. This suit was brought by the plaintiff, Federal Trust Company, against the defendant, W. H. Coyle, upon a note given by the defendant to the Ft. Smith & Western Railroad Company, and by it transferred to plaintiff. The note is in the following form:

"500.00. Guthrie, O. T., 2-14, 1902. The undersigned promise to pay to the order of Ft. Smith & Western Railroad Company, five hundred dollars, at the office of said company in Guthrie, Oklahoma. Provided, always, that this note becomes due and payable when said railroad company shall have in operation a line of railroad from the present terminus of its lines in the Indian Territory to the city of Guthrie, Oklahoma Territory."

The note was one of a number given as an inducement to the Ft. Smith & Western Railroad Company to build its line of road to the city of Guthrie. The evidence, as contained in the case-made, shows that at a meeting of the business people of Guthrie, Judge Dale, who was not at that time representing the Ft. Smith & Western Railroad in any way, and Mr. Horace

Speed, stated a proposition that had been made by the railroad company with reference to building to Guthrie. The proposition, as stated, was that the company offered, for a bonus of $50,000, to build the road within eighteen months. By a vote of the people present it was agreed to accept the proposition, and the Guthrie Club was authorized to enter into a contract with the company. A committee was then appointed to secure subscriptions. The committee within a short time secured notes in the same form as the one in suit here to the aggregate amount of $54,000. When the notes were secured, the company and the Guthrie Club entered into the following contract:

"Guthrie, Okla., Feb. 20, 1902.

"Contract and agreement by and between the 'Fort Smith and Western Railroad Company' and 'the Guthrie Club of Guthrie, Oklahoma.'

"This contract and agreement entered into this 20th day of February, A. D. 1902, by and between the 'Fort Smith and Western Railroad Company,' duly organized and doing business under the laws of the state of Arkansas, and the Indian Territory and Oklahoma Territory, and for convenience hereinafter designated the party of the first part, and the citizens of the city of Guthrie, Oklahoma Territory, acting by and through 'the Guthrie Club of Guthrie, Oklahoma,' an organization duly incorporated under the laws of Oklahoma Territory, and having for its primary purpose the development of the business interests of the city of Guthrie, and which said Guthrie Club of Guthrie, Oklahoma, is for convenience hereinafter designated the party of the second part, witnesseth that,

"Whereas, said first party did on the 25th day of January, 1902, submit to the citizens of Guthrie, Logan county, Oklahoma Territory, a proposition wherein and whereby said first party proposed and offered to extend its line of railroad from its present terminus in the Indian Territory, to the city of Guthrie, Logan county, Oklahoma Territory, provided, the citizens of said city of Guthrie would make, execute and deliver their promissory notes to said first party of the value of fifty thousand ($50,000.00) dollars and also secure for the use and benefit of said first party the passage by the mayor and council of the city of Guthrie, such ordinances as should in the option of the said first party be necessary and essential for the use of said first party in the construction and operation of its line of railroad in said city; and

7

"Whereas, said proposition as in substance above set forth was by the citizens of said city of Guthrie in a public meeting duly accepted, and in compliance therewith, the citizens of the city of Guthrie have executed and caused to be executed promissory notes to the amount as shown by their face of approximately fifty-four thousand ($54,000.00) dollars and have the same now ready for delivery, and the mayor and common council of said city of Guthrie have by the passage of ordinance permitted said first party to construct and operate its line of railway into and through the city of Guthrie as requested by said first party; and

"Whereas, there being a question involved as to whether or not the promissory notes above and herein referred to are of the full value of fifty-four thousand ($54,000.00) dollars, in lieu of the additional subscriptions, and in payment by said first party of the sum hereinafter designated, the mayor and common council of said city of Guthrie have by resolution duly enacted, passed, and approved and directed a contract to be entered into between the city of Guthrie and said first party herein named, whereby the said city of Guthrie shall, for a period of five (5) years from the first day of January, 1903, furnish a supply of water for the use of locomotives, yards, and terminals of said first party; and

"Whereas, said first party, for the purpose of convenience and to enable it to carry out its purposes in building its line of railroad as proposed and understood between the parties hereto, did, on the 14th day of February, 1902, file articles of incorporation in the office of the Secretary of the Territory of Oklahoma, and thereafter received a charter under the name of the 'Fort Smith and Western Railroad Company in Oklahoma,' permitting the construction of a line of railroad from the east line of Lincoln county, in said territory to the city of Guthrie therein, which line of railroad when constructed is to connect and become a part of the present line of railroad now being operated and constructed and owned by said first party, and which said last mentioned line will, when completed, be operated from Fort Smith, in the state of Arkansas, to the western boundary of the Creek Nation in the Indian Territory, and there connect with, and become a part of the line of railroad to be constructed and operated in Oklahoma Territory, as hereinbefore described and set forth:

"Now, therefore, for the purpose of fully carrying out and expressing the purposes and intention of the parties hereto, and in consideration of the surrender to said first party of the promissory notes hereinbefore mentioned, and in further consideration of the ordinances enacted and resolutions passed by the

Mayor and council of Guthrie, and the further promise upon the party of the second part to cause the passage and enactment of such other ordinances upon the part of said mayor and council as may be found necessary for the construction and operation of said line of railroad in the city of Guthrie, said first party hereby stipulates and agrees to and with said second party that it will, within ninety days (90) from the first day of February, 1902, begin the work of grading for its line of railroad above described between the city of Guthrie and a point on the St. Louis & San Francisco Railroad, between the city of Chandler, Oklahoma, and a point five (5) miles west of the city or town of Wellston, in said territory; that its entire grade for its line of railroad from the present terminus of its line in the Indian Territory to the city of Guthrie, Oklahoma Territory, shall be completed within fifteen months from February 1, 1902, and that said line of railroad from the terminus above named in the Indian Territory to the city of Guthrie, in Oklahoma Territory, shall be constructed and in operation within eighteen (18) months from said first day of February, 1902.

"The party of the first part hereby executes the above and foregoing contract this 20th day of February, 1902.

"THE FORT SMITH & WESTERN RAILROAD COMPANY,
"By GEORGE HAYDEN, Its President.

"The party of the second part hereby executes this contract this 20th day of July, 1902.

"THE GUTHRIE CLUB OF GUTHRIE, OKLAHOMA,
"C. M. BARNES, President.

"Attest: FRANK LUCAS, Secretary."

The notes were delivered by the officers of the club to the company.

Plaintiff contends that there is no evidence of agency in the Guthrie Club to represent the makers of the notes. Felix Adler testified that at the public meeting, when the question of inducing the company to build its road to Guthrie was under consideration, the proposition was made that for $50,000 in notes the company would build to Guthrie within eighteen months. He then stated:

"Well, somebody made a motion, I believe, that the proposition be accepted, and that the Guthrie Club should draw a contract indicating the time limit, and at that way about meeting closed. The proposition was seconded and accepted and there

was other little talks made and committees appointed right there —soliciting committees for notes."

J. W. McNeal testified to substantially the same facts. In answer to the question, "Was a motion made to accept the proposition?" he answered, "Yes, sir; some one in the audience made a motion that the proposition be accepted as outlined, and that the matter of handling the contract to be made be turned over to the Guthrie Commercial Club." The testimony of Frank Greer and other witnesses was to the same effect. This evidence, taken in connection with the fact that the notes were delivered to the company by the Guthrie Club after the contract was written, considered in connection with the terms of the contract, was ample to justify the finding of the jury that the Guthrie Club in making the contract was acting as the agent of the makers of the notes.

It is urged that the contract is not evidence of agency. This court held in *Guss v. Federal Trust Co.*, 19 Okla. 138, 91 Pac. 1045, that the contract did not show privity between the note makers and the Guthrie Club, and this holding was followed in *Cooper v. Ft. Smith & Western R. Co.*, 23 Okla. 139, 99 Pac. 785, but the fact that the contract does not on its face disclose agency does not prevent it from being considered in connection with the other evidence for the purpose of ascertaining whether or not an agency existed.

On the 16th of March, 1903, the Guthrie Club entered into another contract with the company, as follows:

"Guthrie, Oklahoma, Mar. 16, 1903.

"At a meeting of the board of directors of the Guthrie Club, of Guthrie, Oklahoma, held at its office in the city of Guthrie, Logan county, Oklahoma Territory, on the seventeenth day of March, 1903, upon call duly made by the president of said club, there being present at said meeting members of said board of directors as follows:

"C. M. Barnes, W. H. Morton, W. M. Spurlock, Frank H. Greer, and L. W. Niblack. Said members constituting a quorum of the board of directors of said club, the following proceedings were had and taken upon application of the Fort Smith & Western Railroad Company in Oklahoma.

"The following resolution was upon motion duly presented and passed by the board of directors present, voting 'aye' upon

the question of the adoption and passage of said resolution.   Said resolution being in words and figures as follows, to wit:

"Whereas, the Guthrie Club of Guthrie, Oklahoma, of the first part, and Fort Smith & Western Railroad Company of the second part, entered into a contract under date of February 26th, 1902, for the purpose of procuring the construction of the railroad of the second party from its then terminus in the Indian Territory, westwardly to the said city of Guthrie to which contract reference is hereby made for the terms thereof; and

"Whereas, said second party through its own organization and the Fort Smith & Western Railroad Company in Oklahoma, its allied company, immediately thereafter commenced and has down to this date been continuously engaged in the construction of said road and has the same now in operation to the South Canadian river and has nearly completed the grading through to Guthrie of the whole line of said road, and has accumulated along the line of said road a large amount of timber, rails and other track material for the completion thereof to Guthrie, but the grading of said line immediately west of the South Canadian river and west of Weleetka has been very much interfered with and delayed by the wet weather of the last four months and in consequence thereof has been much slower than was originally contemplated, all without the fault of the said second party; and

"Whereas, in order to expedite said construction said second party has been for some time past at considerable increased cost to it engaged in track laying both eastwardly and westwardly from Weleetka, Indian Territory, as well as westwardly from said South Canadian river and offers and agrees, weather permitting, from this date forward to so continuously push said construction and to finish said railroad to Guthrie and have same in operation at the earliest date practicable:

"Now, therefore, it is mutually agreed that the time of the completion of said line to the city of Guthrie as set forth in said contract is extended a sufficient length of time to enable said railroad company to complete said line to said city of Guthrie, not exceeding sixty days from August 1st, 1903.

"It is also mutually understood that the completion of said line as the same is now graded and the putting in operation of the same thereon and the use of the terminals of the Atchison, Topeka & Santa Fe railway in the city of Guthrie, shall be held to satisfy the terms of said contract relative to completion and operation at Guthrie.

"Except as herein modified the original contract shall remain in full force and effect.

"The acceptance by the president of the railroad company of the terms of this resolution shall constitute the contract between the parties.

"And thereupon upon motion, duly seconded, the president of the club was directed to sign said resolution and cause the secretary of said club to place his seal thereon and attach the same to the original contract referred to in said resolution and also to have the same spread of record upon the minutes of the proceedings of the Guthrie Club.

"In accordance with the above and foregoing resolution and motion, I, the undersigned president of the Guthrie Club of Guthrie, Oklahoma, hereby sign the same and direct the secretary of the said club to place his seal thereon.

"Witness my hand this sixteenth day of March, A. D. 1903.
                               "C. M. BARNES,
               "President of the Guthrie Club, of Guthrie, Oklahoma.
"Attest:   CHARLES SETON, Secretary   [Seal.]"

The road was not completed within the time fixed in the contract of February 20, 1902, but was completed within the additional time allowed by the contract of March 16, 1903. The contract of March 16, 1903, was offered in evidence and excluded by the court. The action of the court in excluding it is assigned as error. It was excluded because there was nothing to show that Coyle authorized or ratified it. The club was authorized to make the first contract and to deliver the notes. It should not require citation of authorities to demonstrate that the action of the court was proper. The notes were delivered and liability fixed by the terms of the contract of February 20, 1902. Certainly, without authority, the club could not, more than a year later, make a new contract relieving the railroad company from the obligations of the first one as to the time within which the road should be built. It was held in the case of *Cooper v. Ft. Smith & Western R. Co.*, 23 Okla. 139, 99 Pac. 785, construing the same contract, that the time was of its essence. The club, acting as agent of the makers of the notes, made it and delivered the notes. It had no right, after the notes were delivered, to give the railroad additional time. The fact that only a few months additional time was given is of no consequence. If the club had a right to change the time at all, it could have given years, instead of months. Its agency, fairly to be inferred from all the

evidence in the case, was to make such a contract as would protect the note makers, and then deliver the notes, and it could not act for them in any way after the notes were delivered, without additional authority, and no attempted action would bind the makers of the notes unless ratified.

The argument is made that Coyle is bound because, when he relies on the contract of February 20, 1902, he is taking advantage of a contract made by an undisclosed principal, and that the railroad has the right to rely on the contract of March 16, 1903, made with the same agent. The argument would be effective if the principal had been undisclosed. The evidence is conflicting as to whether the company was represented at the meeting when authority was given the club to enter into the first contract. Considerable proof tends to show the general manager and chief engineer were present. It is conceded that the chief engineer was in town and had notice of the meeting. The fact that the club delivered the notes to the railroad company was itself an indication and notice to the company that it was acting for the makers of the notes. The question of agency for an undisclosed principal is not in the case.

Plaintiff contends that the contract of February 20, 1902, cannot be relied upon by Coyle, because it bound the club to procure the passage of ordinances, and that Coyle and the other note makers could not have been held liable in damages if the city of Guthrie had refused to pass the ordinances. The contract, so far as it related to the passage of ordinances, was unenforceable. As several witnesses testified when asked whether they considered themselves bound by that part of the contract, it created a moral and not a pecuniary obligation, and the company must have so understood this part of the contract. The unenforceable provisions of the contract with reference to the ordinances cannot, however, be permitted to destroy the portion which was valid and enforceable. The club had no right to deliver the notes until they had made a contract with the company, and the company, having received the notes pursuant to the contract, cannot set up the invalidity of a portion of the contract in order to fix liability on the notes, especially when the valid por-

tion is clearly severable, and the road has never built into the city, and has never required any ordinances to be passed.

Plaintiff again urges that time was not of the essence of the contract, and asks that the case of *Cooper v. Ft. Smith & Western R. Co.*, 23 Okla. 139, 99 Pac. 785, be overruled, and the holding of that case, that time was of the essence of the contract, be reversed. The Cooper case is not the only one decided by this court in which this question has been considered. In the case of *Standard Lumber Co. v. Miller & Vidor*, 21 Okla. 617, 96 Pac. 761, the question was before the court, and it was held that it was not necessary, in order to make time of the essence of the contract, to use any particular form of expression. It was held, in effect, that if, from the contract itself, it appeared that the parties intended to make time of its essence, it should be so considered. This case refers to and quotes from *Snyder v. Stribling*, 18 Okla. 205, 89 Pac. 233, relied upon by plaintiff. All the justices concurred in the opinion, and all concurred in the case of *Cooper v. Ft. Smith & Western R. Co.*, 23 Okla. 139, 99 Pac. 785. The rule as laid down is adhered to.

The judgment should be affirmed.

By the Court: It is so ordered.