JACKSON v. JACKSON et al.

No. 32126. March 19, 1946.

167 P. 2d 51.

Tom Durham and Margaret Lamm, both of Tulsa, for plaintiff in error.

John M. Wheeler and Harry Seaton, both of Tulsa, for defendants in error.

PER CURIAM. This is an action brought by Nora Mays Jackson against Nolie Jackson, Auretta Jackson, Marie Herrod, Robert L. Jackson, a minor, Lue Belle Guillary, a minor, and Nolie Guillary, a minor, to declare a resulting trust and to quiet title in her in and to two and one-half acres of land situated in Tulsa county. The action was predicated on the theory that plaintiff

paid the entire purchase price and that defendant Nolie Jackson wrongfully and fraudulently procured the deed to the land to be executed and delivered to him and that he thereafter conveyed the same to the minor defendants.

Defendants Nolie Jackson, Aurella Jackson, and Marie Herrod each filed disclaimers and the case went to trial only as to the minor defendants. A guardian ad litem was appointed by the court for the minor defendants and their defense consisted of a general denial and an affirmative defense that Nolie Jackson, their grantor, acquired full and complete title in and to the premises and thereafter conveyed the same to them, and filed cross-petition in which they asked that title thereto be quieted in them. The trial court at the conclusion of plaintiff's evidence sustained a demurrer thereto and denied plaintiff any relief. Plaintiff has appealed and assigns this ruling as error.

The evidence discloses that plaintiff and defendant Nolie Jackson were married on the 5th day of February, 1942. Plaintiff testified that shortly after the marriage she purchased a five-acre tract of land in Tulsa county for which she agreed to pay the sum of $1,350; that at the time the purchase was made it was agreed between her and her husband Nolie Jackson that if he would pay half of the purchase price and execute and deliver a mortgage to her to secure the same, two and one-half acres of the land should be deeded to him and the other two and one-half acres be deeded to her; that he should execute a mortgage on the two and one-half acres which was to be deeded to him and deliver the same to the real estate agent, Mr· Wilson, before the deed to the same should be delivered to him; that without her knowledge and consent Nolie Jackson obtained and placed of record his deed to the two and one-half acres without executing the mortgage; that she paid the entire purchase price for the five-acre tract; that such payment was made in installments; the amount of these installments and the time when paid is not disclosed by the record. She further testified that the purchase price was completed and the deeds executed on or about September 5, 1942; that Nolie Jackson paid no portion of the purchase price as he agreed to do; that shortly after the deeds were obtained she ascertained that Mr. Jackson had not executed and delivered to Mr. Wilson the mortgage he agreed to execute in order to secure the payment of his half of the purchase price; that after she discovered that he had failed to deliver such mortgage she executed and caused to be filed of record an affidavit in which she stated that Nolie Jackson owed her a balance of $330 on the purchase price of the premises and that she claimed a lien against the same in that amount. Plaintiff further testified that shortly after the deeds to the premises were executed a disagreement arose between her and her husband which finally culminated in a divorce, and that after such disagreement arose Nolie Jackson conveyed the land to the minor defendants. Nolie Jackson testified as a witness on behalf of plaintiff that he received no consideration from the minor defendants for the conveyance of the premises to them; that plaintiff did not pay the entire purchase price of the premises. This, in substance, constitutes the evidence offered in the case.

It is contended by plaintiff that the evidence clearly shows that defendant Nolie Jackson obtained the title to the premises under circumstances sufficient to create a constructive trust in her favor.

We think the weight of the evidence shows that Nolie Jackson acquired title to the two and one-half acres involved under such circumstances as would make it inequietable to permit him to retain such title, and had the evidence clearly shown that plaintiff paid the entire purchase price for the land and that defendant Nolie Jackson had paid no portion thereof as he agreed to do at the time the land was purchased, the trial court should have found a con-

structive trust to exist and should have decreed the full title in and to the two and one-half acres in plaintiff. Rollow v. Taylor et al., 104 Okla. 275, 231 P. 224.

Defendant, however, contends that the evidence is insufficient to establish that plaintiff had in fact paid the full purchase price and that defendant Nolie Jackson paid no portion thereof as he agreed to do. With this contention we agree. While plaintiff testified that she paid the entire purchase price out of her separate funds, yet shortly after the deeds were executed she filed an affidavit and caused the same to be placed of record in which she stated that Nolie Jackson owed her a balance of $330 on the purchase price of the land and that she claimed a lien against the same in that amount. The evidence shows that the consideration paid for the five-acre tract was $1,350; if Nolie Jackson only owed her a balance on the purchase price of $330 he must have paid $345 on the purchase price thereof.

In explanation of this affidavit plaintiff testified that she did not know the contents of the affidavit, that she instructed her lawyer to draw an instrument and place the same of record in order to protect her interest. This explanation is unsatisfactory. It cannot be assumed that the lawyer drawing the affidavit would have inserted therein the statement that Nolie Jackson owed plaintiff a balance on the purchase price of the premises in the sum of $330 unless she had furnished him some data upon which to make such statement. Moreover, Nolie Jackson was placed on the witness stand by plaintiff and he testified that plaintiff did not pay the entire consideration. The weight of the evidence, in our opinion, fails to sustain the contention of plaintiff that she paid with her own funds the entire purchase price of the premises. Nevertheless, in our opinion, the trial court erred in sustaining the demurrer to the evidence and denying plaintiff any relief. The evidence clearly shows that she is entitled to some relief. This is an equity case. In such case the rule is well established that equity, once having attached in a proper proceeding, will administer full and complete relief and will grant such relief as the evidence warrants notwithstanding the relief so granted might not be strictly within the pleadings in the case. DeMoss v. Rule, 194 Okla. 440, 152 P. 2d 594. Under the evidence in this case plaintiff acquired an equitable lien on the premises for such amount as remained due her on the purchase price. Defendant Nolie Jackson obtained the deed by agreeing to pay one-half of the purchase price and to execute a mortgage thereon to secure the same. He failed to execute and deliver the mortgage, and under the evidence procured the deed without the consent of plaintiff and without complying with this agreement. Plaintiff thereby acquired an equitable lien against the premises. Grayson v. Crawford, 189 Okla. 546, 119 P. 2d 42.

The trial court should have determined what amount, if any, defendant Nolie Jackson had paid on the purchase price, determined the balance due and should have rendered judgment in favor of plaintiff for such balance, decreed the same a lien against the premises, and ordered the same foreclosed to satisfy such judgment. DeMoss et al. v. Rule, supra.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.