**Eugene HEASTY, Ancillary Executor of the Estate of Fern C. King, deceased, and Eula F. Robbins, Fern C. King and Eula F. Robbins being the sole and only heirs of George Creekmore, deceased, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. W–3073.**

United States District Court
D. Kansas.

March 18, 1965.

Rogers & Rogers, Wellington, Kan., for plaintiffs.

Robert W. Ryan, Jr., U. S. Atty., Wichita, Kan., for defendant.

WESLEY E. BROWN, District Judge.

This is a civil action for recovery of federal estate taxes alleged to have been erroneously and illegally assessed and collected by defendant. The court has jurisdiction of the parties, and of the subject matter under 28 U.S.C.A. § 1346 (a).

The matter has been submitted on stipulated facts, and such stipulation is incorporated into this Memorandum by reference, and will not be reprinted here. Specific mention of stipulated facts will be made merely to clarify our holding.

The issue before us can be clarified by the following brief statement. George Creekmore acquired title to several pieces of land for which he paid the full consideration. In 1946, by use of a strawman, Creekmore transferred the land to himself and his wife as joint tenants with right of survivorship. Creekmore paid federal gift tax on the transaction based on one-half of the value of said realty. In 1948, Creekmore and his wife transferred by deeds the jointly owned property to their daughters and grandchildren, reserving joint and survivor life estates in the land involved. It is this 1948 transfer with reserved life estates which is the center of the present litigation. Creekmore and his wife paid federal gift taxes on the transfer based generally on their undivided one-half interests in the realty less the value of the life estates.

Creekmore's wife died in 1952 and no federal estate tax return was filed on behalf of her estate, the value of the estate not being in excess of $60,000. Creekmore [who may hereinafter be referred to as decedent] died in 1960 and federal estate taxes were paid, based on the inclusion in Creekmore's gross estate of the full value of the land involved. An attempt was made to obtain a refund, which was disallowed by defendant.

## ISSUE

The sole issue in this case, as stipulated and submitted by the parties is as follows: The amount of property includable in Creekmore's gross estate. More specifically, the issue is whether under Internal Revenue Code of 1954 § 2036, one-half the value or the full value of the land involved in the 1948 transfer should be includable in Creekmore's gross estate.

We should initially note that defendant makes mention throughout its brief of § 2040 of the Code, without specifically arguing that it applies to this case either directly or indirectly. The parties have stipulated that the controversy is to be decided under § 2036, and we note in passing that the land was not held jointly by Creekmore and his wife at the time of his death, thus taking the case out of § 2040 in any event.

Defendant concedes holdings by the Tax Court, and several circuits to the effect that only one-half of the land value would be includable in decedent's gross estate under the facts of this case.

Defendant contends, however, that the test to be used is not what interest Creekmore owned in the land at the time of the 1948 transfer, but what amount would have been includable in his estate *but for* the 1948 transfer. Defendant argues that a conceptual conflict exists between the circuits and asserts that we are bound by a Tenth Circuit ruling to hold that the entire value of the land is includable in Creekmore's gross estate, relying on United States v. Allen, 293 F.2d 916 (10th Cir.), cert. denied, 368 U.S. 944, 82 S.Ct. 378, 7 L.Ed.2d 340 (1961).

Allen arose under § 811 of the 1939 Code, which was the predecessor of present § 2035. The case involved a transfer in contemplation of death and the question of whether the sale had been for a full and adequate consideration. The Tenth Circuit held that the consideration paid must be for the interest which would otherwise be included in the gross estate, rather than for the interest transferred. The Tenth Circuit drew the issue very narrowly, and the holding, in our opinion, to be limited to transfers in contemplation of death where the sole issue is as to the adequacy of the consideration paid for such transfer.

Admittedly, the case at bar does not involve a transfer in contemplation of death—both Creekmore and his wife survived the three year contemplation-of-death period. Thus § 2035 is not applicable to this case. Further, there is no question as to adequacy of consideration presented in the case at bar.

Defendant argues that Allen is controlling on this court and should be extended to § 2036 cases. We are of the opinion that the language of Allen should be no broader than the narrowest con-

struction of its facts, and defendant concedes that Allen is distinguishable on its facts.

Defendant argues that Allen must stand for the proposition that in determining what is includable in Creekmore's estate, the test is not what interest in the property decedent owned at the time of the 1948 transfer, but what property would have been includable _but for_ the transfer.

What Allen may or may not stand for is for the Tenth Circuit to say. If Allen is to be read as the government contends—and we frankly concede that such a construction of Allen is at least arguable—we feel it is for the Tenth Circuit to so hold. We are not constrained to extend the Allen holding beyond its narrow facts and issue. The reasoning behind Allen seems to be that for policy reasons, the best way to view a transfer in contemplation of death is to treat the transfer as though it has never been made. We submit that logic would dictate that where a decedent survives the contemplation-of-death period, and a transfer is then, as a matter of law, not one made in contemplation of death, there remains no reason to insist on ignoring the transfer so made.

Complainants rely on a group of Tax Court cases and various circuit cases. The case perhaps closest on its facts is Glaser v. United States, 306 F.2d 57 (7th Cir. 1962). There, _H_ paid full consideration for land and took title jointly with _W_ as tenants by the entireties. Subsequently, tenants conveyed the land to children reserving joint and survivor life estates. It was held that only onehalf of the value of the realty involved should be includable in _H's_ estate because at the time of the transfer in question, that was all _H_ owned.

■ Defendant urges that because of the joint and survivor life estates involved at bar, Creekmore reserved a life interest in his one-half of the property _plus_ a contingent life interest in his wife's one-half interest. Defendant then argues that because Creekmore's wife predeceased him, decedent enjoyed a life interest in the entire land and it therefore should be includable in his estate. We do not agree.

Section 2036 provides that the value of the gross estate shall include the value of all property _"to the extent of any interest therein of which_ the decedent has * * * made a transfer * * * _under which_ he has retained * * *" a life interest. (emphasis added). The defect in defendant's argument is that Congress clearly drafted § 2036 to apply to the _interest transferred_ and not to the right or rights retained. And Congress has not defined "interest transferred."

■ The rules fixing the ownership of "interests" in property are determined by state property law. Edwards v. United States, 215 F.Supp. 382, 383 (D.Kan. 1963). Under applicable property law, Creekmore, as a joint tenant, owned an undivided one-half interest in the property. See, e. g., Watkins v. McComber, 208 Okl. 352, 256 P.2d 158 (1953); Berry v. Berry, 168 Kan. 253, 212 P.2d 283 (1949). The 1948 transfer severed the joint tenancy, and it follows that at the time of the 1948 gift transfer, not made in contemplation of death, Creekmore owned a one-half interest in the realty; therefore, he could transfer only a onehalf interest. This one-half interest is includable in Creekmore's gross estate and we are of the opinion that the onehalf interest is all that could be so includable, since that is the extent of the interest of which Creekmore made a transfer under which he retained a life interest. We feel this is the only reasonable construction to which § 2036 is subject.

In summary, we hold

(a) that Allen does not by its terms or language control the facts of this case. In the present posture of the law if Allen is to be extended beyond its facts and narrow issue, it is for the circuit court to so hold.

(b) that only the value of the interest transferred by Creekmore in 1948 is in-

cludable in his gross estate, i. e., the value of one-half of the land involved.

It follows that plaintiff should have recovery in the case at bar. Paragraph 22 of the stipulation of the parties states that the amount of recovery, if any, to which complainants are entitled shall be computed by the parties following the court's decision and an agreed judgment will be submitted by the parties.

Prevailing counsel shall prepare, circulate and submit an appropriate order, and the parties shall submit an agreed judgment to the court. Should the parties not be able to agree on the judgment, the court will do so.