**HAMRA et al. v. MITCHELL et al.**

No. 18487.　Opinion Filed Sept. 25, 1928.

Rehearing Denied Dec. 4, 1928.

Sam T. Allen. Geo. S. Ramsey, Edgar A. de Meules, Villard Martin, and T. G. Logan, for plaintiffs in error.

A. L. Emery, for defendants in error.

MASON, V. C. J. The defendants in error were plaintiffs and the plaintiffs in error were defendants in the trial court, and, for convenience, they will be referred to as they there appeared.

On June 26, 1924, the plaintiffs entered into a written option to purchase certain real estate with Julia Jackson and her husband, Lemuel Jackson, which was to be exercised on or before December 31, 1924. Thereafter, on October 9, 1924, said land was purchased and the defendants herein advanced the consideration therefor. On said date, the parties to this action entered into a written agreement as follows:

"Whereas, on this 9th day of October, 1924, the following described lands, to wit: * * * was **purchased by the parties to this agreement,** for the total sum of $2,654.57— the said sum of money, that is to say, all of the said sum of money with the exception of $1,400, being the first mortgage, was paid by F. and M. N. Hamra and David Faris. The title to the said lands is taken in the names of F. and M. N. Hamra and David Faris. Now, it is agreed by and between F. and M. N. Hamra and David Faris on the one hand and W. W. Mitchell and B. A. Mitchell on the other hand that if the said W. W. Mitchell and B. A. Mitchell shall pay to F. & M. N. Hamra and David Faris on or before October 1, 1925, the sum of $401.50 (being one-third of the sum paid on this day) together with interest from date hereof at 8% per annum, then a good and sufficient warranty deed shall be executed and delivered by F. & M. N. Hamra and David Faris to W. W. Mitchell and B. A. Mitchell or both for an undivided one-third interest

in the said land. Time is the essence of this contract. It is further agreed by and between all of the parties to this agreement that W. W. Mitchell and B. A. Mitchell may move on the said land and occupy the same, but the said W. W. Mitchell and B. A. Mitchell shall pay rent at the usual terms, that is, one-third of the corn and one-fourth of the cotton, to be delivered by agreement between the parties."

"(Signed)     F. and M. N. Hamra
"David Faris
"W. W. Mitchell."

Thereafter, on the 1st day of March, 1926, the plaintiffs commenced this action to enforce specific performance of said contract, and in their petition alleged that on October 1, 1925, the time specified in said contract, the plaintiffs offered to pay to the defendants the said sum of $401.50, and the plaintiffs at said time demanded from the defendants the execution and delivery of said deed, as provided by the terms and conditions of the contract, but that said defendants refused to accept said money and refused to execute and deliver said deed. Plaintiffs' petition contained a cause of action for damages, which is not involved in this appeal. The defendants answered, admitting execution of the contract and denying other allegations of plaintiffs' petition, and filed cross-petition, which is not involved in this appeal.

The cause was tried to the court and judgment rendered in favor of the plaintiffs and against the defendants, requiring them to execute and deliver proper instruments conveying a one-third interest in said lands to the plaintiffs, and that the plaintiffs deliver to the defendants the money due therefor, under the terms of the contract, which had been tendered into court by the plaintiffs. From this judgment, the defendants bring the case here for review.

For reversal, it is first contended that said contract is an option agreement and that specific performance will not lie to enforce an option. The contract, as we construe it, is an absolute contract of sale of said real estate with an agreement whereby the defendants, in whose name the deed was taken, were to convey a one-third interest therein to the plaintiffs on or before October 1, 1926, upon the payment of $401.50, and interest. Said contract shows that the land "was purchased by the parties to this agreement," which embraces all the parties to this lawsuit, both plaintiffs and defendants. Under its terms, the equitable title to the land vested in both the plaintiffs and the defend-

ants, while the naked legal title vested in the defendants. The contract then provides that if the plaintiffs paid the defendants one-third of the purchase price within one year, or before October 1, 1926, then the defendants were to convey the legal title to one-third of the land to the plaintiffs. It is a maxim in equity that "equity looks upon things agreed to be done as actually performed."

In Dunn v. Yakish, 10 Okla. 388, 61 Pac. 926, the rule is announced as follows:

"Equity treats things agreed to be done as actually performed, and when real estate is sold under a valid contract, the purchase money to be paid in part and the deed executed at a future day, the equitable title passes at once to the vendee, and equity treats the vendor as a trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase money for the vendor."

It is next contended that the plaintiffs failed to pay the purchase money, as provided for in the contract, and, inasmuch as the contract provided "time is the essence of this contract," plaintiffs were not entitled to recover. Where it is expressly stipulated in a contract that time is of the essence thereof, there must, as a general rule, be a compliance with its terms within the time specified, or no recovery can be had upon such contract. Powers v. Rude, 14 Okla. 381, 79 Pac. 89; Federal Trust Co. v. Coyle, 34 Okla. 635, 126 Pac. 800; Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222.

Such provisions in contracts, however, are made for the benefit of the adverse party. and are not for the benefit of one who fails to perform his part. In Dunn v. Yakish, supra, the rule is announced in the fifth paragraph of the syllabus as follows:

"Even though time is made the essence of a contract, equity will not permit a party to take advantage of his own laches to defeat the enforcement of the contract, and where the party seeking to enforce the contract has in time complied with all its terms, equity will compel specific performance in his favor, though the other party has made default in time."

The defendants, Hamra and Faris, each testified that the plaintiffs did not tender the consideration for one-third interest in said land, as provided by the terms of the contract, prior to October 1, 1926. They admitted that the plaintiff W. W. Mitchell

called on them about the 26th day of September, 1926, and at such time requested 60 days additional time in which to pay said consideration, which was refused by them. Plaintiff's evidence was to the effect that W. W. Mitchell called upon the defendants at such time and offered to pay them the consideration and requested them to prepare proper conveyances. Plaintiffs' evidence also disclosed where said money was obtained, and that W. W. Mitchell had the proper amount in cash in his possession at the time he called on the defendants for the execution of said deeds, and that defendants were informed thereof. It also appears that a deputy court clerk, of Okmulgee county, at the request of the plaintiff W. W. Mitchell, accompanied him to the place of business of the defendant Hamra, where Mitchell offered to pay the consideration and requested Hamra to accompany him for the purpose of executing and delivering the deed, and that Hamra refused at that time because of the press of other business, but promised to do so in a few days. Thereafter, Hamra met Mitchell in the city of Okmulgee, but refused to execute and deliver said deed unless Mitchell would pay an additional amount which he claimed was owing to him on another transaction.

The trial court, by its judgment, in effect, found that the plaintiffs had offered, in good faith, to comply with the terms of the contract prior to October 1, 1926. Although there is a sharp conflict in the evidence, yet, after reading the entire record carefully, we conclude that the judgment of the trial court is not clearly against the weight of the evidence. In fact, we think the evidence supports the judgment of the trial court. This, being a suit for specific performance of a contract, is an equity case and this court will not reverse the judgment of the trial court upon the weight of the evidence, unless such judgment is clearly against the weight of the evidence. The judgment is, therefore, affirmed.

HARRISON, PHELPS, HUNT, CLARK. and RILEY, JJ., concur.