Leon C. Phillips, B. C. Franklin, and S. A. Duling, for plaintiffs in error.

P. A. Chapelle, C. S. Walker, and W. A. Chase, for defendants in error.

PER CURIAM. In this case plaintiffs bring their action against defendants, alleging that they purchased property of defendants Richard J. Hill and Frances P. Hill, which said property was in litigation. That in order to guarantee plaintiffs against loss should the title to said property fail, defendants Richard J. Hill and E. I. Sadler made, executed, and delivered to Richard J. Hill one certain bond and mortgage, which

is attached to petition, and which is in words and figures, to wit:

"Bond and Mortgage.

"State of Oklahoma, County of Tulsa—ss.

"Know All Men by These Presents, that I, Richard J. Hill, of Tulsa, Okla., as principal, and E. I. Saddler, as surety, for and in consideration of five thousand nine hundred dollars ($5,900) in hand to Richard J. Hill paid, receipt whereof is hereby acknowledged, are held and firmly bound unto W. L. Jones, of Boley, Okla., in the sum of eight thousand dollars ($8,000) to be paid to the said W. J. Jones, his executors, administrators, and assigns; for which payment well and truly to be made we do bind ourselves, our heirs, executors, administrators, and assigns firmly by these presents.

"The condition of the above obligation is such that, if the above bounden Richard J. Hill, his heirs, executors, administrators, and assigns, or either of them, shall remove or cause to be removed all incumbrances or liens whatsoever from the following described real property and premises, which were this day purchased by the said W. L. Jones from the said Richard J. Hill, to wit: All that part of the north twenty-five (25) feet of lot one (1) in block forty-six (46) of the original townsite of Tulsa, Okla., which lies east of the right of way of the Sand Springs Railway Company; except a certain mortgage on said real property and premises to the Farm and Home Savings and Loan Association of Missouri, a corporation, dated July 19, 1919, and recorded in Book 201 at page 317 of the Tulsa county records; and if all of the said incumbrances or liens are removed from the said property at or before the final determination of case No. 19927, filed in the district court in and for Tulsa county, Okla.; and if the final judgment in said cause does not create a lien upon said property, then the above obligation shall be void and of no effect, otherwise to remain in full force and effect.

"Witness our hands and seals this 28th day of November, 1922.

"Richard J. Hill, Principal. (Seal)
"E. I. Saddler, Surety. (Seal)

"State of Oklahoma, County of Tulsa—ss.

"Before me, J. E. Hardy, a notary public in and for said county and state, personally appeared E. I. Saddler, who, after being first duly sworn, on oath says: I am the surety above named and am worth over and above all my just debts, liabilities and exemptions the sum of eight thousand dollars. And I am the owner in fee simple of the following described real property and premises, which I hereby list and give a lien upon for the purpose of securing the performance of the above obligations, to wit:

"Lots four (4) and five (5) in block three (3), Carter addition to the city of Tulsa,

Okla.; and lots thirty-one and thirty-two (31 and 32) in block two (2), Douglass Place addition to the city of Tulsa, Okla.; and lot seven (7) in block three (3), Northside addition to the city of Tulsa, Okla.; said property being valued at eight thousand dollars ($8,000).

"E. I. Saddler, Surety.

"Subscribed and sworn to before me this 28th day of Nov., 1922. J. E. Hardy, Notary Public. (Seal) My commission expires Sept. 8, 1923.

"State of Oklahoma, County of Tulsa—ss.

"Before me, a notary public in and for said county and state, personally appeared E. I. Saddler, to me known to be the identical person who executed the within and foregoing bond as the surety thereon, and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth, and I hereby so certify. J. E. Hardy, Notary Public. (Seal) My commission expires Sept. 8. 1923."

Indorsed: "17 215054 Bond. Richard J. Hill, E. I. Saddler to W. L. Jones. Compared. 11-28-22. State of Oklahoma, Tulsa County, Okla. I hereby certify that this instrument was filed for record in my office at 9:20 a. m. on Nov. 28, 1922, and duly recorded in Record 431, page 364. O. D. Lawson, County Clerk, F. Delman, Deputy. (Seal) Record and return to W. L. Jones, Boley, Okla."

Indorsements: "No. 38532. In the District Court in and for Tulsa County, Oklahoma. W. L. Jones, Plaintiff, vs. Richard J. Hill, Frances P. Hill, E. I. Saddler, J. J. Saddler, Frances L. Saddler and R. S. Scott, Defendants. Petition. District Court, State of Oklahoma, Tulsa County. Filed Mar. 18, 1927. Hal Turner, Court Clerk. Phillips, Douglass & Duling, Okemah, Oklahoma, Attorneys for the Plaintiff."

Plaintiffs further allege that the title to said property failed, and that the defendants Richard J. Hill and Frances P. Hill are insolvent, and that by reason of said title to said property having failed and that by reason of said bond, plaintiffs are entitled to have their lien so given in said bond foreclosed, and said property sold to indemnify plaintiffs for the loss they have sustained by reason of the failure of the title to said property.

During the litigation in the trial court, the defendant E. I. Saddler, surety on said bond, died. Said cause was revived against his administrator, Thomas R. Gentry. An amended and supplemental petition was filed, to which the administrator and all other defendants filed a general demurrer, which was by the trial court sustained. Plaintiffs

elected to stand on their petition, and the cause is brought here for review.

The parties appear here as they did in the trial court.

In order to sustain the ruling of the trial court, defendants contend:

(1) That the instrument sued upon is not a mortgage.

(2) That the petition does not allege the presentation of a claim for the amount sued for to the administrator of E. I. Saddler, deceased, one of the defendants, and surety on said bond.

(3) That the petition does not allege, nor does the exhibit show, that the taxes were paid on the instrument upon which the cause of action of plaintiff is bottomed.

As to the first contention, E. I. Saddler states in his bond to guarantee title:

"And I am the owner in fee simple of the following described real property and premises, which I hereby list and give a lien upon for the purpose of securing the performance of the above obligation."

27 Cyc., p. 987, lays down this rule:

"As a general rule, any written contract entered into for the purpose of pledging property or some interest therein, as security for a debt, which is informal or insufficient as a common law or statutory mortgage, but which shows that it was the intention of the parties that it should operate as a charge on the property, will constitute an equitable mortgage and be enforced as such in a court of equity."

This rule has been adopted in this court and followed in the case of Deming Investment Co. v. Christensen ex ux., 60 Okla. 149, 159 P. 663.

The majority of the courts of the United States, including the Supreme Court of the United States, have adopted this rule. In the case of George E. Ketchum, Atlantic & Pacific R. R. Co. v. City of St. Louis, 25 L. Ed. 1003, the Supreme Court of the United States held:

"'In addition to these formal instruments which are properly entitled to the designation of mortgages, deeds, and contracts which are wanting in one or both of these characteristics of a common-law mortgage, are often used by parties for the purpose of pledging real property, or some interest in it, as security for a debt or obligation, and with the intention that they shall have effect as mortgages. Equity comes to the aid of the parties in such cases and gives effect to their intentions. Mortgages of this kind are therefore called equitable mortgages'." (Jones on Mtgs. vol. 1, sec. 162.)

The bond in this case is therefore an "equitable mortgage," and entitled to be foreclosed as such.

The next proposition is, "Was it necessary to present claim to the administrator of the surety for allowance for amount sued for as a prerequisite to bringing this suit?" No personal judgment is asked.

Section 1233, O. S. 1931, answers this question. It provides:

"* * * Provided, further, that nothing in this section nor in this chapter contained, shall be construed to prohibit the right or limit the time of foreclosure of mortgages on real property of decedents, but every such mortgage may be foreclosed within the time and in the mode prescribed in Civil Procedure, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by this Code."

The remaining question to be determined is:

"Does the failure of the petition to allege and the exhibit to show that the taxes had been paid on the instrument sued upon, make the petition subject to demurrer?"

Section 12358, O. S. 1931, makes a mortgage upon which the tax has not been paid inadmissible in evidence. It is not necessary to plead payment of taxes as a prerequisite to filing suit. The condition and status of the mortgage is determined at the time the mortgage is offered in evidence. See Greenwood v. Price, 166 Okla. 292, 27 P. (2d) 822.

For the reasons stated, the judgment of the lower court is reversed, and the cause is remanded, with instructions to overrule the demurrer of defendants, and to otherwise proceed according to law with the making up of the issues and disposition of this case.

The Supreme Court acknowledges the aid of District Judge F. Hiner Dale, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.