## OWENS v. CONTINENTAL SUPPLY CO.
### No. 993.

Circuit Court of Appeals, Tenth Circuit.
June 11, 1934.

C. M. Oakes, of Tulsa, Okl. (Christy Russell, of Tulsa, Okl., on the brief), for appellant.

W. N. Banks, of Independence, Kan. (J. F. Lawrence, of Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

## McDERMOTT, Circuit Judge.

For a valuable consideration, appellant executed and delivered to appellee his negotiable promissory notes for $33,787.39, which are due and unpaid. Appellant transmitted the notes to appellee with a letter, describing them fully, and providing:

"Payment of said notes is secured by a lien on my riverbed leases in Sections 5 and 17, Township 18 North, Range 7 East, Creek County, Oklahoma, such lien to be evidenced at a later date by regular form mortgage. I am arranging now to discharge two small items which are secured by chattel mortgage and conditional sales contract, both of which are of record, but upon payment of such items the mortgage and conditional sales contract will be released, whereupon the mortgage, to be executed to you, will be a first and prior lien. Pending the execution of such mortgage, there is one other item of approximately $500 adjustment of which can and will be made without payment by issuance of credit memorandum in the adjustment of accounts and claims due me.

"Unless unforeseen delays develop, these items can be disposed of in sufficient time to permit the execution of the above mentioned mortgage to your company on January 15th, 1932. In the meantime no liens or encumbrances will be created that might take priority over the mortgage to be executed to your company.

"Yours very truly,    O. O. Owens."

Appellee brought its bill to foreclose the lien on the riverbed leases, and for judgment on the notes. The bill alleged a more detailed and definite description of the leases set forth in the letter.

In answer, appellant alleged that he executed the notes in order to secure further credit for supplies and with the oral understanding and agreement that he would not be required to pay them according to their tenor, but might pay them at his convenience. That it was not intended that the agreement to execute a mortgage should create a lien on the property therein described.

No motion for judgment notwithstanding the answer was interposed. Without objection, the trial court heard the conflicting stories of the oral negotiations leading up to the execution of the notes and the lien, the great preponderance of which supports the decree below.

The errors assigned and specified are objectionably indefinite. The principal ones are founded upon the assumption that appellant's version of the oral negotiations was found by the trial court to be true. But the trial court found otherwise, and we concur. Another error specified is that there was no evidence to identify the "river-bed leases in sections 5 and 17, township 18 north, range 7 east, Creek County, Oklahoma." The bill identified them more specifically and that allegation, being undenied, stands admitted. Equity Rule 30 (28 USCA §723). The last error assigned is that appellant only agreed to execute a mortgage, but did not carry out his agreement. The letter clearly creates a present charge or lien upon the property described. It recites "Payment of said notes is secured by a lien * * * such lien to be evidenced at a later date by regular form mortgage." Can such a present lien be divested, by appellant's failure to carry out his agreement to execute a formal mortgage evidencing such lien?

Clearly not. Equity treats that as done which ought to be done. A valid agreement to execute a mortgage will be enforced in equity against the maker or third persons who have notice thereof or who are volunteers. "It is an equitable mortgage," said Justice McLean in King v. Thompson, 9 Pet. 221, "and in a court of chancery, is as binding on the parties as if a mortgage in form, had been duly executed." In Re Strand Music Hall Co., 3 De Gex, J. & S. 147, Lord Justice Turner held that where the parties, by their agreement, intend to create a charge upon property, equity will give effect to their intention, notwithstanding any mistake which may have occurred in the attempt to effect it. Story, in his work on Equity Jurisprudence, early laid down the same rule. Vol. II, § 1231. This rule has been uniformly followed in the courts of the United States. Among other cases, see White Water Valley Canal Co. v. Vallette, 21 How. 414, 422, 16 L. Ed. 154; Ober v. Gallagher, 93 U. S. 199, 206, 23 L. Ed. 829; Ketchum v. St. Louis, 101 U. S. 306, 316, 25 L. Ed. 999; Walker v. Brown, 165 U. S. 654, 664, 17 S. Ct. 453, 41 L. Ed. 865; United States v. Shelby Iron Company, 273 U. S. 571, 47 S. Ct. 515, 71 L. Ed. 781. See, also, Pomeroy's Equity Jurisprudence, § 1237; Jones on Mortgages, §§

162, 163. The Oklahoma Supreme Court, in an elaborate opinion, has followed this general rule. Carter v. Sapulpa & I. R. Co., 49 Okl. 471, 153 P. 853, 855.

The errors assigned are without merit. Because we have discussed them, it must not be assumed that we hold, even inferentially, that a defense was pleaded by the answer, or that the evidence offered in support thereof was admissible.

The decree is affirmed.