## LEEDY v. ELLIS COUNTY FAIR ASS'N.

No. 29910. Jan. 14, 1941.

*110 P. 2d 1099.*

C. B. Leedy, of Arnett, for plaintiff in error.

L. H. Clark, of Arnett, and Perry J. Morris, of Shattuck, for defendant in error.

GIBSON, J. This is an action in equity for the primary purpose of establishing a trust and for an accounting. Plaintiff appeals from a judgment of dismissal entered on sustaining demurrer to the petition.

The demurrer was sustained for failure of the petition to state a cause of action, and for the further reason that the cause, if any, was barred by the five-year statute of limitations (subd. 1, § 101, O. S. 1931, 12 Okla. Stat. Ann. § 95).

The action is based on a written contract between the defendant association as first party and one Ralph R. Porter as second party for the sale of real property. The contract states that the defendant is the owner of the premises therein described and that the same are included in a mortgage to the Federal Land Bank. Then follows this provision: "And whereas said first party desires to sell and dispose of the same to said second party on terms and conditions mutually agreed upon. Therefore, the said first party does hereby grant, bargain, sell and convey unto the said second party, his heirs, administrators, and assigns, the real estate described as follows": (describing the land here involved).

Following the description of the land the contract sets out the conditions of the agreement to the effect that the first party shall execute to second party a good and sufficient warranty deed to the "premises so sold" free and clear of all encumbrances, and place the same in escrow in a certain bank to be delivered to second party on payment of the consideration of $2,500. The receipt of $1,625 was acknowledged, as also were two notes, each in the sum of $437.50, payable in approximately one and two years, respectively. The deed aforesaid was to be delivered upon payment of the notes. Time was made the essence of the contract, with a provision that upon default by second party the first party at its option could declare the contract forfeited and the consideration retained as liquidated damages.

Porter went into possession and paid the first of the two notes. He died testate in July, 1935, leaving all his property, including his interest acquired under the aforesaid contract, to one Maud Porter, who went into possession and died intestate January 6, 1936. Ralph R. Porter's estate was duly probated and distributed to the estate of Maud Porter. The latter's estate was duly probated and distributed to the plaintiff herein as the grantee of all the heirs of the deceased. In March, 1936, the defendant wrongfully and unlawfully took possession of the premises from the administrator of Maud Porter.

The second note mentioned in the contract was never paid, and neither was the Federal Land Bank mortgage released. And it does not appear that the Porters, their heirs or devisees, or the plaintiff ever made demand for the delivery of the deed, or that the defendant ever demanded payment of said note.

Such is the substance of the allegations contained in the petition.

Plaintiff does not seek specific performance of the contract, but asks for an accounting as under a trust. He bases

his action on an alleged fiduciary relationship between him and the defendant, a mutual trust by operation of law whereby each party is trustee for the other as to the money or property received by one from the other. He offers to do equity by restoring the land or by renouncing his claim thereto arising under the contract, and to account to defendant for the reasonable rental value of the premises while occupied by the Porters, in event the defendant be required to return to him the purchase price already paid, and to account for the rental value during its possession as aforesaid and for certain improvements placed on the land by the Porters, and other expenditures made by them.

Defendant insists that the petition not only failed to state a cause of action but showed upon its face to be barred by the five-year statute as an action on written contract seeking other relief than the recovery of real property.

We must hold, however, that the trial court erred in sustaining the demurrer.

Defendant seems to believe that the plaintiff could acquire no rights under the contract except by purchase from the administrator of the estate of Maud Porter pursuant to sections 1303-1308, O. S. 1931, 58 Okla. Stat. Ann. §§ 481-486. Those sections provide that the interest of a deceased vendee in a contract like the one in the instant case may be sold by his executor or administrator in the same manner as lands of a decedent's estate are sold, subject to certain requirements that the purchaser indemnify the estate against further payments on the contract. But we fail to find merit in this statement.

Defendant does not contend that the interests of Ralph R. Porter in the contract did not pass by his will to Maud Porter. Those interests constituted property subject to devise or alienation, and subject to descent and distribution as assets of a decedent's estate. 18 C. J. 814. They became the property of Maud Porter by virtue of the will, and, at her death, went to her heirs by succes-

sion, to be distributed to them or to their assignees (sec. 1366, O. S. 1931, 58 Okla. Stat. Ann. § 644), subject to the debts of her estate.

It appears that the estates of the decedents aforesaid were duly probated, distributed, and closed, and that the plaintiff succeeded to all the rights of Ralph R. Porter under the contract.

The contract purports on its face to be an immediate sale of the premises in question. The equitable title in the land passed thereunder to Ralph R. Porter and is now owned by plaintiff. In such case the vendor and the purchaser occupy a fiduciary relationship toward each other. The vendor is trustee of the land for the purchaser, and the purchaser is trustee of the purchase money for the vendor. Dunn v. Yakish, 10 Okla. 388, 61 P. 926; Hamra v. Mitchell, 133 Okla. 264, 271 P. 1042. In the Dunn Case the rule was stated as follows:

"Equity treats things agreed to be done as actually performed, and when real estate is sold under a valid contract, the purchase money to be paid in part and the deed executed at a future day, the equitable title passes at once to the vendee, and equity treats the vendor as a trustee for the purchaser of the estate sold, and the purchaser as a trustee of the purchase money for the vendor."

The vendor in the instant case, having re-entered and taken possession of the premises, held both the land and the legal title thereto in trust for the vendee, the plaintiff herein. In such circumstances the statute of limitations does not commence to run until a repudiation of the trust is brought to the knowledge of the cestui que trust. Hivick v. Hemme, 118 Okla. 167, 247 P. 692; McGann v. McGann, Adm'r, 169 Okla. 515, 37 P. 2d 939. The first indication of a repudiation on the part of defendant came when it re-entered the land. This occurred in March, 1936. The action was commenced April 5, 1939, less than five years from the date of the repudiation. Since the action is based

on a written contract, the time limitation was five years.

The contract created, not an express trust, but a resulting trust by operation of law (secs. 11807, 11808, O. S. 1931, 60 Okla. Stat. Ann. §§ 135, 136). Such is ordinarily the case where a conveyance places the legal title in one party and the equitable estate in another. Flesner v. Cooper, 62 Okla. 263, 162 P. 1112; Trimble v. Boles, 169 Okla. 228, 36 P. 2d 861.

The rule to be applied here on the question of the statute of limitations is stated in McGann v. McGann, supra, as follows:

"Limitation does not begin to run in favor of the trustee of a resulting trust until a clear repudiation of his trust is brought to the knowledge of the cestui que trust."

Defendant takes the position that a tender of payment of the last note and a demand on the part of the Porters or their successors for performance were necessary elements to a cause of action. No authority is cited. But, as we have stated above, the petition alleges that the defendant at no time was able to convey title free and clear of all encumbrances as agreed. The official records in the office of the county clerk show that the Federal Land Bank mortgage has never been released. The allegation is sufficient to show that the tender and demand would have been unavailing. Defendant is shown to have been in no position to fulfill its contract, and the plaintiff was entitled to rely on the record and act accordingly. See Campbell v. Harsh, 31 Okla. 436, 122 P. 127; Jennings v. New York Petroleum Royalty Corp., 169 Okla. 528, 43 P. 2d 762. In a case of this character title must be good of record if tender of conveyance is to be of any effect. Since defendant was in no position to make valid tender, there was no necessity for plaintiff to demand it (58 C. J. 1071); and he was under no duty to tender payment until defendant could deliver a record title free from all encumbrances. 58 C. J. 1082.

The judgment is reversed and the cause remanded, with direction to reinstate the petition and to proceed in accordance herewith.

WELCH, C. J., CORN, V. C. J., and BAYLESS and DAVISON, JJ., concur.