Property Improvement Loans — — Mortgages Agreements entered into in consideration of loans from a bank representing costs of improvements on certain described real property constitute mortgages on real estate which are subject to the real estate mortgage registration tax as provided for in 68 O.S. 1901 [68-1901] — 68 O.S. 1910 [68-1910] (1968). The Attorney General has had under consideration your letter dated October 29, 1968, in which you, in effect, ask the following question: Are agreements entered into in consideration of loans from a bank representing costs of improvements on certain described real property financing statements within the meaning of the Uniform Commercial Code or do such instruments constitute mortgages on real estate which are subject to the real estate mortgage registration tax? You enclose copies of three instruments denominated "Agreement" and containing the following language, followed by an acknowledgment by the makers before a notary public: "In consideration of a loan to the undersigned, evidenced by note now payable to the First National Bank in Sulphur, Oklahoma, representing cost of improvements to the following described property in Murray — County, State of Oklahoma: (Real Property Described) the undersigned agree that they will not sell, mortgage, or convey said property without first paying the balance of said loan in full, and that said property and their interest therein shall stand as security for the enforcement of this agreement. This Agreement is an effective mortgage.'? (Or this Agreement constitutes an equitable mortgage). (Emphasis added) O.S.L. 1965, ch. 31, Section 1901, (68 O.S. 1901 [68-1901] (1968)), provides in pertinent part: "The words or term `real estate mortgage' as used in this Article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. . . . If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this Article." You mention that 12A O.S. 9-402 [12A-9-402] (1961), requires that financing statements, under the Uniform Commercial Code, which cover growing crops or crops to be grown or goods which are to become fixtures must contain a description of the real estate concerned. In this connection we call your attention to 12A O.S. 9-104 [12A-9-104] (1961), which provides in part: ". . . This Article does not apply (j) except to the extent that provision is made for fixtures in Section 9-313, to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder; . . . ." and 12A O .S . 9-313 (1961), which provides in part: "This Act does not prevent creation of an encumbrance upon fixtures or real estate pursuant to the law applicable to real estate." In the case of Jones, et al. v. Hill, et aL,167 Okl. 552, 31 P.2d 145, (1934), the court quoted and followed, as the general rule, the following language: ". . . Any written contract entered into for the purpose of pledging property or some interest therein, as security for a debt, which is informal or insufficient as a common law or statutory mortgage, but which shows that it was the intention of the parties that it should operate as a charge on the property, will constitute an equitable mortgage and be enforced as such in a court of equity." From the language in the three instruments enclosed with your request, the general rule of law applicable thereto and the provisions of Section 1901, supra, it is the opinion of the Attorney General that such instruments constitute mortgages on real estate which are subject to the mortgage registration tax provided for in O.S.L. 1965, ch. 31, Sections 1901-1910 (68 O.S. 1901 to [68-1901] 68 O.S. 1910 [68-1910]. (W. J. Monroe)