**In re Gregory Scott GRAFF, Debtor.**

**OVERLAND PARK DODGE, INC., Plaintiff,**

v.

**Gregory Scott GRAFF, a/k/a Gregory S. Graff, Defendant.**

**Bankruptcy No. 79–20973.**
**Adv. No. 80–0021.**

United States Bankruptcy Court, D. Kansas.

Nov. 28, 1980.

Mark C. Owens, Overland Park, Kan., for plaintiff.

Andrew D. Lyons, Prairie Village, Kan., for defendant.

Gregory Scott Graff, Leawood, Kan., debtor.

Joseph H. McDowell, Kansas City, Kan., trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

The debtor, Gregory Scott Graff, filed a petition and plan under Chapter 13 of Title 11, United States Code, On December 20, 1979.

The plaintiff, Overland Park Dodge, Inc., alleges that on or about June 17, 1978, the defendant, Gregory Scott Graff, executed and delivered to the plaintiff, a retail installment contract for the purchase of a 1978 Dodge Van B-100, Vehicle I.D. # B21BF8X167350; that in July, 1978, the defendant transferred the vehicle and willfully and maliciously converted the same in violation of 11 U.S.C. § 523(a)(4) and § 523(a)(6), leaving a balance due and owing of $6,385.28.

The plaintiff herein rejected the plan pursuant to his claim filed on February 6, 1980; and on June 6, 1980, plaintiff filed its Complaint to Determine Dischargeability of Debt.

Under the amended plan of the defendant filed herein on March 28, 1980, the creditor, Overland Park Dodge, Inc., was to be paid 10% of its claim as an unsecured creditor.

After the hearing on May 27, 1980, on the plaintiff's objection to confirmation of the plan, the Court took the same under advisement.

On July 21, 1980, the Court orally stated that the plan was confirmed subject to the issuance of a written opinion in this adversary proceeding.

At all of the court hearings, the appearances were as follows: Andrew D. Lyons appearing on behalf of the defendant–debtor, Gregory Scott Graff; Mark C. Owens, appearing on behalf of the plaintiff, Overland Park Dodge, Inc.; and Joseph H. McDowell, appearing as trustee.

There is no dispute that if this proceeding was under Chapter 7 of Title 11 U.S.C., this debt would be nondischargeable.

## ISSUES INVOLVED

1. WHETHER OR NOT CONGRESS INTENDED A COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT TO BE CONSIDERED IN A CHAPTER 13 PROCEEDING.

2. WHETHER OR NOT THE PLAN HEREIN SHOULD BE CONFIRMED.

## CONCLUSIONS OF LAW

11 U.S.C. §§ 1325(a)(3) and 1325(a)(4) state as follows:

*"(a) The court shall confirm a plan if–*

*(3) the plan has been proposed in good faith and not by any means forbidden by law;*

*(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;"*

■ The plaintiff contends that under the Chapter 13 plan of the defendant, the plaintiff will receive less than it would if liquidated under Chapter 7, due to the fact that the debt would be nondischargeable under 11 U.S.C. § 523(a)(4) & (6); and therefore, the plan should not be confirmed (11 U.S.C. § 1325(a)(4)).

This Court concurs with the holding *In the Matter of Robert L. Marlow and Sandra K. Marlow*, 3 Bkrtcy. 305, 6 BCD 77 (Bkrtcy.N.D.Ill.1980), where it was stated on page 78:

*"A careful reading of the statute, however, fails to sustain the argument. The language of Section 1325(a)4 refers only to what a creditor would be paid on a claim if the estate is liquidated in Chapter 7. It looks only at the distributive provisions. The Court need not consider the possibility that American has a non-dischargeable debt."*

In *In re McBride*, 4 Bkrtcy. 389, CCH Bankruptcy Law Reporter, ¶ 67,658,

(Bkrtcy.) it is stated, in quoting from *In re Keckler*, 3 Bkrtcy. 155, CCH Bankruptcy Law Reporter, ¶ 67,367 (Bkrtcy.N.D.Ohio 1980):

*"Congress surely was aware that Chapter 13 would make certain persons eligible for discharge of certain debts that would be nondischargeable debts under Chapter 7."*

Further, the Court cites in support of its findings that the dischargeability of debts need not be considered in a Chapter 13 proceeding, 11 U.S.C. § 1328(a)(2) as follows:

*"(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, <u>the court shall grant the debtor a discharge of all debts</u> provided for by the plan or disallowed under section 502 of this title, <u>except any debt–</u>*

\* \* \* \* \* \*

*(2) of the kind specified in section 523(a)(5) of this title."* (emphasis added)

Section 523(a)(5) states in part as follows:

*"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt–*

\* \* \* \* \* \*

*(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, . . ."*

Section 523(a)(5) of Title 11 refers to payments of alimony and support to spouse, former spouse, child support in connection with separation agreement, divorce decree or property settlement. In this case, neither of the foregoing would apply; therefore, it cannot be considered as nondischargeability in Chapter 13 proceeding and cannot prevent confirmation of the plan for the reason alleged by the plaintiff above.

The facts alleged in the Complaint herein are such that if this were a Chapter 7 case, the indebtedness would be nondischargeable.

The Court, after examining the petition filed herein, finds that the claim of Overland Park Dodge, Inc. was unsecured in that its lien was never perfected and therefore, should be treated as any other unsecured indebtedness in determining if the plan meets all of the requirements of 11 U.S.C. § 1325(a).

Section 1325(a) provides as follows:

"(a) The court shall confirm a plan if--

(1) the plan complies with the provisions of this chapter and with other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation; has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan,

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

(6) the debtor will be able to make all payments under the plan and to comply with the plan."

This Court finds that in this case, each of the requirements have been met and therefore, the plan must be confirmed.

In 5 Collier on Bankruptcy, 15th ed., ¶ 1328.01(c)(2), it is stated as follows:

"The only debts provided for under the chapter 13 plan that are excepted from a full–compliance discharge under section 1328(a) are debts for alimony, maintenance, or support coming within the provisions of section 523(a)(5). Other debts that are nondischargeable in chapter 7 cases are dischargeable under section 1328(a), even in composition cases." (emphasis added)

In the instant case, the debt herein would in all probability be determined to be nondischargeable under Chapter 7 but in Chapter 13, it will be discharged if the debtor completes the plan under 11 U.S.C. § 1328(a), the exception being if the debtor attempts a discharge under § 1328(b)(1) (hardship discharge), then the unsecured debts provided for in sections 1322(b)(5) and § 523(a) would not be discharged. [§ 1328(b) & (c)]

It is the opinion of this Court that the fact that Congress specifically made provisions that nondischargeable debts be discharged if a debtor does not obtain a hardship discharge under § 1328(b) is evidence of its true intent that in Chapter 13 cases, nondischargeable debts should be treated as any other unsecured indebtedness and if the plan was completed, it would be discharged as all other indebtednesses in that class.

It is further the contention of this Court that had Congress intended that all the nondischargeable debts set out in § 523 be nondischargeable in Chapter 13, they would have set them out as an exception as they did in § 523(a)(5) and § 1328(a)(2).

In the Technical Amendments Bill to the Bankruptcy Reform Act of 1978 presently pending before Congress (S.658), section 1328(a)(2) has been amended to include sections 523(a)(6) and 523(a)(8). This is a clear indication that when Congress only put § 523(a)(5) in the original bill as an excep-

tion to discharge under § 1328(a)(2) that all other sections of 523(a) were subject to being compromised under Chapter 13 and discharged of all debts upon the completion of payments under the plan (11 U.S.C. § 1328(a)).

 For reasons set out above, the Court finds that all of the requirements of 11 U.S.C. § 1325(a) have been complied with and the plan is confirmed.

The Court further finds that the nondischargeable debt herein may be compromised under Chapter 13 and discharged upon the completion of the Plan except as specified under § 523(a)(5) and § 1328(b).

IT IS SO ORDERED.

THE FOREGOING SHALL CONSTITUTE MY FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER BANKRUPTCY RULE 752 AND RULE 52(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE.