In re Mark R. TACKABERRY and Gay A. C. Tackaberry, f/k/a Gay Ann Christofferson, Debtors.

FIREMAN'S FUND AMERICAN INSURANCE COMPANY, Plaintiff,

v.

Mark R. TACKABERRY, Defendant.

Bankruptcy No. 3–81–00176.
Adv. No. 81–0228.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 3, 1981.

Patrick J. Sauter, Minneapolis, Minn., for plaintiff, Fireman's Fund American Ins. Co.

James T. Skonnord, Eagan, Minn., for debtors.

FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came on for hearing before the Honorable Jacob Dim, Bankruptcy Judge, on August 31, 1981, on the Complaint of Fireman's Fund American Insurance Company objecting to the discharge of a debt which arose from the

willful and malicious injury by the debtor to the property of another entity on the property of another entity. Plaintiff was represented by Patrick J. Sauter, Esq., and debtor was represented by James T. Skonnord.

The facts were not in dispute in this matter. The sole issue presented to this Court is the interpretation of 11 U.S.C. Sec. 1328(a) as applied to those facts.

Based on the stipulated facts, the arguments of counsel and all papers and records filed herein, the Court makes the following:

## FINDINGS OF FACT

1. The debtor filed a voluntary Bankruptcy Petition and Plan under Chapter 13 on January 30, 1981. The Plan proposed a repayment of sixty-three percent (63%) of allowed claims and was confirmed on April 27, 1981, by the Honorable John J. Connelly, Bankruptcy Judge.

2. Plaintiff, Fireman's Fund American Insurance Company, filed a claim in the amount of $18,219.81. The debt was incurred during a criminal proceeding against Mark R. Tackaberry in which he pled guilty to burning a building. As a condition of probation, he was ordered to make restitution to the Plaintiff, which insured the building.

3. The allowed claim in the amount of $18,219.81 constitutes a debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

## CONCLUSIONS OF LAW

1. 11 U.S.C. 1328(a) states:

"As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title; or

(2) of the kind specified in section 523(a)(5) of this title."

2. 11 U.S.C. 523(a) states:

"A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—....

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;"

3. The issue before the Court is whether a debt not dischargeable under 11 U.S.C. Sec. 523(a) of a Chapter 7 proceeding may be discharged upon the completion by the debtor of all payments under a Chapter 13 proceeding. Although this question has been addressed in several other jurisdictions, this appears to be an issue of first impression in this State.

The Code is very clear as to what debts are and are not dischargeable in a Chapter 13 case. There are only two exceptions to discharge. Section 1322(b)(5) pertains to curing defaults where the last payment will occur after the date on which the final payment under the plan is due. The only other exception, Section 523(a)(5), concerns alimony, maintenance or support owed to a spouse, former spouse or child of the debtor.

There are no other exceptions. Because Section 1328(a) provided that the Court "shall" grant the debtor a discharge, it is mandatory to discharge all other debts upon the completion of the plan by the debtor.

It seems incongruous that a debt for a willful and malicious injury is not dischargeable under a Chapter 7 proceeding but would be dischargeable under a Chapter 13. However, the legislative intent is clear. The legislative history to 11 U.S.C. Section 1328(a) states that the "discharge is of all debts except alimony, maintenance, or support, and certain long-term obligations..." House Report No. 95–595, 95th Cong., 1st Sess. 430 (1977), U.S.Code Cong. & Admin. News 1978, 5787.

The clear and unambiguous language of 11 U.S.C. Section 1328(a), along with the

reading of the legislative history requires a conclusion that except for these two exceptions, upon completion of the plan by the debtor, all debts are dischargeable. We are not aware of any contrary holding while there are numerous cases to support this holding. *In re Lewis*, 2 C.B.C.2d 1138, 5 B.R. 575 (Bkrtcy.1980); *In re Seely*, 6 B.R. 309 (Bkrtcy.1980); *In re Keckler*, 3 B.R. 155 (Bkrtcy.1980); *In re Osborn*, C.B.C.2d 31 (1981).

4. This Court concludes that a debt for willful and malicious injury is dischargeable upon the completion of the plan by the debtor.

## ORDER

NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that the Complaint by Plaintiff be dismissed.