2001 OK CIV APP 7

**STEWART DRUGS, INC.,
Plaintiff/Appellant,**

v.

**The ESTATE OF Roberta Ann Paris FUNNELL, her unknown heirs, successors and assigns; Donald K. Funnell, Personal Representative of the Estate of Roberta Ann Paris Funnell, Defendants/Appellees.**

**No. 94,700.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 3, 2000.

Rehearing Denied Dec. 8, 2000.

---

J. John Hager, Jr., Oklahoma City, Oklahoma, for Appellant.

James C. Chandler, Oklahoma City, Oklahoma, for Appellees.

## *OPINION*

GARRETT, Judge:

¶1 Stewart Drugs, Inc., Plaintiff/Appellant, obtained a money judgment against Roberta Ann Paris Funnell in 1995. Shortly thereafter, prior to Funnell's death, Stewart Drugs filed its judgment in the County Clerk's office.

¶2 Funnell died in 1999. Donald Funnell, Defendant/Appellee, was appointed Personal Representative (PR) of her estate. As required by 58 O.S.1991 § 331 et seq., PR gave notice to creditors of Funnell's estate, including Appellant's service agent. In that notice, creditors were advised of the time frame within which a claim must be filed with PR or the claim would be forever barred. Appellant did not file a claim.

¶3 In this action, Appellant sought to enforce its lien against estate real property. PR moved for summary judgment and contended the claim was forever barred. PR asked the court to enter summary judgment finding Appellant's claim to be time barred and removing it as a cloud on Funnell's real property. Appellant responded and contended it was unnecessary for it to file a claim with PR because the judgment became a lien against Funnell's real property during her lifetime. The court sustained PR's motion and entered summary judgment for him against Appellant.

¶4 When Appellant filed its judgment pursuant to 12 O.S. Supp.1993 § 706, it became a lien against real property owned by Funnell. The real property was Funnell's principal place of residence and apparently her homestead. Under Oklahoma's homestead exemption statute the principal residence of a person is exempt from attachment, execution, and forced sale for payment of debts. 31 O.S. Supp.1998 § 1 (with amendments not material here). That exemption existed during Funnell's lifetime, but ceased to exist when she died. In *Manning v. Dosher,* 1934 OK 101, 29 P.2d 966, the Court held that constitutional and statutory provisions regarding homestead exemptions were inapplicable after the death of a landowner where, as here, the decedent left neither surviving spouse nor minor child.

¶5 Appellant cites *Cahill v. Kilgore,* 1960 OK 88, 350 P.2d 928. In *Cahill* the plaintiff sued the PR of an estate on decedent's note which was secured by a real estate mortgage. Determination that the note was in default, the balance due, foreclosure of the mortgage, sale of the mortgaged realty, and application of the proceeds as a payment on the note, constituted the relief sought. That plaintiff did not seek a deficiency judgment against the estate. The *Cahill* Court held the plaintiff was not required to file a claim with the PR of the estate if a deficiency judgment was not sought. 58 O.S.1951 § 333, as it then existed, authorized this procedure.

¶ 6 Appellant also cites *Jones v. Hill*, 1934 OK 198, 31 P.2d 145. The *Jones* Court held, in an administration proceeding, that filing a claim against decedent was not a condition precedent to the right to foreclose a real estate mortgage. However, the *Jones* Court also held that a deficiency judgment could not be obtained unless a claim against decedent was timely filed with the PR as required by the probate code. Section 1233, O.S.1931 authorized that procedure.

¶ 7 Appellant also relies upon *Woofter v. Fourth National Bank of Tulsa, Oklahoma*, 1938 OK 250, 78 P.2d 683, wherein the Court held that a pledgee of life policy and benefit certificate was entitled, after death of pledgor, to foreclose the lien of pledge without filing a claim against pledgor's estate, where no recourse against property of estate other than that pledged was sought.

¶ 8 58 O.S.1951 § 333, cited in *Cahill*, supra, has been amended. It now exists as 58 O.S.1991 § 333. Section 1233, O.S.1931, cited in *Jones*, supra, was the predecessor of § 333 in the probate code. The reasoning of the Supreme Court in *Cahill*, *Jones* and *Woofter* is applicable here. Here, the decedent did not leave a surviving spouse or minor child. The Appellant here seeks to enforce a lien and does not seek a deficiency judgment. While *Woofter* did not involve a real estate mortgage, the court upheld the right of a secured creditor to enforce his security without the necessity of filing a claim with the administrator of his deceased debtor.

¶ 9 58 O.S.1991 § 346 relates to judgments obtained against a decedent in his lifetime. It provides:

When any judgment has been rendered for or against the testator or intestate in his lifetime, no execution shall issue thereon after his death, *except*:

1. In case of the death of the judgment creditor, upon the application of his executor or administrator, or successor in interests.

2. *In case of the death of the judgment debtor, if the judgment be for the recovery of real or personal property, or the enforcement of a lien thereon.*

A judgment against the decedent for the recovery of money, must be presented to the executor or administrator, like any other claim. If the execution is actually levied upon any property of the decedent before his death, the same may be sold for the satisfaction thereof, and the officer making the sale must account to the executor or administrator for any surplus in his hands. (Emphasis supplied.)

¶ 10 As above pointed out, when Appellant filed its judgment pursuant to 12 O.S. Supp. 1993 § 706, it became a lien against the real property owned by Funnell. This action by Appellant constitutes an effort to enforce its security. It follows that the filing of a claim with PR was not required. Appellant's lien exists as to real property owned by Funnell. The failure of Appellant to file a claim with PR does not prevent it from enforcing its security. A deficiency judgment against any property not subject to this lien is not authorized. It follows that summary judgment for PR against Appellant was error, and this case must be reversed.

¶ 11 REVERSED AND REMANDED for further proceedings consistent with this opinion.

¶ 12 CARL B. JONES, P.J., and BUETTNER, J., concur.